# EXHIBIT 5

# PARKER IBRAHIM & BERG LLP

Writer's Direct Contact:
267.908.9809 (Tel.)
267.908.9888 (Fax)
marissa.edwards@piblaw.com

www.piblaw.com

February 20, 2020

**VIA FIRST CLASS MAIL AND EMAIL**
Joshua Thomas, Esq.
Joshua L. Thomas & Associates
225 Wilmington-West Chester Pike, Suite 200
Chadds Ford, PA 19317
joshualthomas@gmail.com

                    Re:     **Howard C. Lapensohn and Jill Abrams Lapensohn v. Hudson City Savings Bank, et al, No.: 2:20-cv-00680-JHS**

Mr. Thomas:

      This firm represents M&T Bank successor by merger to Hudson City Savings Bank s/h/a "Hudson City Savings Bank" ("M&T") and Parker Ibrahim & Berg LLP ("PIB" and collectively, "Defendants") in the above action. Please accept this letter as a formal demand, pursuant to Fed. R. Civ. P. 11, for the immediate withdrawal and dismissal with prejudice of the Complaint filed by Howard C. Lapensohn and Jill Abrams Lapensohn ("Plaintiffs") as to these Defendants.

      As you know, Rule 11 provides for sanctions in the event of frivolous and/or meritless litigation. It provides, *inter alia*, that by signing a pleading, the signatory certifies, after a reasonable inquiry, that: (1) it "is not being presented for any improper purpose, such as to harass…;" (2) the "the claims, defenses, and other legal contentions are warranted by existing law;" and (3) "the factual contentions have evidentiary support." Fed. R. Civ. P. 11. The rule is "intended to discourage the filing of frivolous, unsupported, or unreasonable claims." *Leuallen v. Borough of Paulsboro*, 18. F. Supp. 2d 615, 618 (D.N.J. 2002). Under the rule, "counsel 'must conduct a reasonable investigation of the facts and a normally competent level of legal research to support the presentation.'" *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994) Upon a violation, a court may impose sanctions, including "directing payment to the movant of part or all of the reasonable attorney's fees and other expenses". *See* Fed. R. Civ. P. 11(c)(4).

      Here, Plaintiffs bring four claims against Defendants: (1) Common Law/Insurance Fraud (Count I); (2) Violation of the Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.A. C.S. § 201-1, *et seq.* (Count III); (3) Negligence (Count V); and (4) Respondeat Superior (Count VI). *See* Complaint.[1] For the reasons set forth below, each claim is patently "frivolous, unsupported, and unreasonable" and should be immediately withdrawn.

---

[1] While Plaintiffs do not indicate which defendant they bring their Breach of Implied Covenant of Good Faith and Fair Dealing claim against (Count IV), the allegations reference the obligations of "an insurance company". Compl. at ¶ 2. As such, we assume Count IV is directed at Assurant. To the extent it was intended to be

# PARKER IBRAHIM & BERG LLP

Writer's Direct Contact:
123.456.7890 (Tel.)
123.456.7890 (Fax)
First.last@piblaw.com

www.piblaw.com

*First*, Plaintiffs lack standing to bring their Common Law Fraud/Insurance Fraud claim. As "Title 18 § 4117", upon which Plaintiffs rely, makes plain, only "an ***insurer*** damaged as a result of a violation of this section may sue…." *See* 18 Pa.C.S. § 4117 (g). It is beyond dispute that Assurant, and not Plaintiffs, is the "insurer" and, as a result, Plaintiffs cannot bring an insurance fraud claim against Defendants. *Id*. Plaintiffs similarly lack standing to bring their derivative common law claim as it is, again, based on alleged misrepresentations made *to Assurant*, and not Plaintiffs. *See* Compl. at ¶ 10.

*Second*, Plaintiffs' UTPCPL claim is also meritless on its face because, *inter alia*, the Act only provides a private right of action to the "person *who purchase[d]*" the goods or services at issue, which, here, is (admittedly) M&T and not Plaintiffs. *See* Compl. at ¶ 25. This is well settled law, with binding Third Circuit precedent making Plaintiffs' claim unreasonable. The UTPCPL also does not apply to claims arising from the "handling of insurance claims" as Plaintiffs allege, only to its sale. *See Neustein v. Gov't Emples. Ins. Co.*, 2018 U.S. Dist. LEXIS 203439, at *4 (W.D. Pa. Nov. 29, 2018). Finally, Plaintiffs have, again, failed to identify any misrepresentation made to Plaintiffs, much less one upon which Plaintiffs justifiably relied.

*Third*, Plaintiffs' negligence (and derivative Respondeat Superior) claim is clearly frivolous as negligence requires, at a minimum, the existence of a "duty or obligation recognized by the law". *See* Compl. at Count V, ¶ 2. Yet Plaintiffs identify no such duty – nor could they as Plaintiffs admit that M&T is the legal owner of the subject property and has been since 2018. *See* Compl. at ¶ 6. It simply does not stand to reason then that M&T would owe *Plaintiffs* a duty to "properly insure" its *own* property. Extending this alleged duty out to PIB is patently absurd. Clearly PIB – a law firm hired only to defend a separate lawsuit filed by Plaintiffs – has no legal duty to Plaintiffs to insure M&T's Property. Any suggestion to the contrary is unreasonable.

In sum, a "reasonable investigation of the facts and a normally competent level of legal research" makes plain that there is no basis for the claims asserted in the Complaint. As a result, Plaintiffs' meritless attacks violate Rule 11's prohibition on frivolous filings. If the Complaint is not withdrawn and dismissed with prejudice by **February 27, 2020** as to Defendants, we will have no choice but to seek sanctions and reimbursement for legal fees expended in responding to the Complaint in substantially the same form as set forth in the enclosed motion.

Please be guided accordingly.

Very truly yours,



Marissa Edwards

Enclosures

---

asserted against Defendants, it is meritless. *See Butterline v. Bank of N.Y. Mellon Tr. Co.*, 2016 U.S. Dist. LEXIS 44426, at *19 (E.D. Pa. Mar. 31, 2016) ("[T]here can be no claim for breach of good faith and fair dealing when there is no contract…"); *id*. (entry of foreclosure judgment "extinguishe[s]" contractual obligations).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOWARD C. LAPENSOHN and JILL ABRAMS LAPENSOHN,<br><br>  Plaintiffs,<br>v.<br><br>HUDSON CITY SAVINGS BANK and ASSURANT GLOBAL P&C CLAIMS and PARKER IBRAHIM & BERG,<br><br>  Defendants. | Civil Action<br><br>No.: 20-cv-680-JHS |

**MEMORANDUM OF LAW IN SUPPORT OF
THE MOTION FOR SANCTIONS BY DEFENDANTS
HUDSON CITY SAVINGS BANK AND PARKER IBRAHIM & BERG LLP**

**PARKER IBRAHIM & BERG LLP**
James P. Berg, Esq.
Fred W. Hoensch, Esq.
Marissa Edwards, Esq.
1635 Market Street, 11th Floor
Philadelphia, PA 19103
Telephone: (267) 908-9800
Facsimile: (267) 908-9888
james.berg@piblaw.com
fred.hoensch@piblaw.com
marissa.edwards@piblaw.com

*Counsel for Defendants,*
M&T Bank successor by merger to Hudson City Savings Bank s/h/a "Hudson City Savings Bank" and Parker Ibrahim & Berg LLP s/h/a "Parker Ibrahim & Berg"

Defendants M&T Bank successor by merger to Hudson City Savings Bank s/h/a "Hudson City Savings Bank" ("M&T") and Parker Ibrahim & Berg LLP s/h/a "Parker Ibrahim & Berg" ("PIB" and together, "Moving Defendants"), respectfully submit this Memorandum of Law in support of their motion for sanctions against Howard C. Lapensohn and Jill Abrams Lapensohn (together, "Plaintiffs") pursuant to Federal Rule of Civil Procedure 11 (the "Motion").

## PRELIMINARY STATEMENT

Sanctions are warranted because Plaintiffs and their counsel, Joshua L. Thomas, Esq., are pursuing frivolous claims in this Court meant to harass Moving Defendants.

Simply put, Rule 11 requires that an attorney conduct a "reasonable inquiry into the facts and the law" before filing a complaint. Had Plaintiffs undertaken such an inquiry here, however, it would have revealed, *without question*, that Plaintiffs' claims are meritless; Not only do Plaintiffs lack standing entirely to bring their Insurance Fraud and UTPCPL claims—but their Negligence and related Respondeat Superior claims are based on the untenable argument that PIB, M&T's attorneys in a separate lawsuit, somehow owed a legal duty to Plaintiffs to "properly insure" a property owned by M&T. Such a contention, however, is absurd on its face.

Notably, Plaintiffs' counsel is no stranger to Rule 11—having had at least two Judges issue orders, *inter alia*, imposing monetary sanctions on him, ordering him to attend a seminar on attorney conduct under Rule 11, and issuing a "formal judicial reprimand" of him due to prior frivolous filings. Despite these admonishments, the Complaint constitutes the exact type of abusive and frivolous litigation Rule 11 is designed to avoid. Given this, it is clear that counsel either (once again) failed to abide by his Rule 11 duties, or decided to file these frivolous claims anyway. Either way, Plaintiffs' counsel continues to willfully disregard his obligations under the Federal Rules, warranting the imposition of sanctions against him personally.

Accordingly, and for the reasons set forth more fully below, the Motion should be granted and Plaintiffs and their counsel should be appropriately sanctioned.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A. Prior Relevant Proceedings and Plaintiffs' Frivolous Filings Therein

For nearly eight years, Plaintiffs and M&T have been engaged in litigation involving the property located at 1106 Robin Road in Gladwyne, PA ("M&T's Property"). During this time, Plaintiffs have submitted frivolous and repetitive filings all in an attempt to delay their eviction from M&T's Property. A brief summary of this litigation is below.

On October 14, 2014, Hudson City Savings Bank filed a foreclosure complaint against Plaintiffs at Docket No. 2014-27824. *See* Compl. at ¶ II(3). Judgment was entered in favor of M&T and against Plaintiffs on April 2, 2015. *Id.*; *see also* Declaration of James P. Berg, Esq. ("Berg Decl.") attached hereto as Ex. A. at Ex. 1 (Foreclosure Docket).

Following a Sheriff's Sale, ownership of the property was transferred to M&T by way of a Sheriff's Deed dated January 31, 2018, and recorded on April 23, 2018. *See* Compl. at II (6).

In response, Plaintiffs began a campaign of filing repetitive and frivolous filings against M&T, filing no less than six motions in the Foreclosure Action, seeking to, *inter alia* Open/Strike Judgment, Stay Sheriff Sale, Stay Deed Transfer, and Set Aside the Sale. *See* Berg Decl. at Ex. 1. Having lost each motion, Plaintiffs filed a meritless appeal to the Superior Court of Pennsylvania, which was quashed and dismissed on August 8, 2018. *See* Berg Decl. at Ex.1.

Despite these clear rulings from the Court, Plaintiffs refused to vacate M&T's Property and an Ejectment Action was filed against them. *See* Compl. at ¶ II (7); *see also* Berg Decl. at Ex. A., at Ex. 3 (Ejectment Docket). Following more frivolous motion practice, including the filing of duplicative and meritless counterclaims (which were stricken) and a motion to compel

depositions (which was denied), M&T was granted judgment in possession on September 19, 2019. *See* Berg Decl. at Ex. 4 (Judgment Order). Plaintiffs (once again) filed an appeal, along with a request to stay eviction. *See* Berg Decl., Ex. 3. While the appeal remains pending, Plaintiffs' request to stay eviction was denied on October 15, 2019. *See* Id.; *see also* Compl. at II (7). Yet, Plaintiffs continue to reside at the Property. *See* Compl. at ¶ 2.

Undeterred by these adverse rulings by not one, but two state courts and two appellate panels, Plaintiffs filed an affirmative complaint against M&T on October 3, 2019, at Docket No.: 2:19-cv-04576 (the "Federal Action"), asserting many of the same claims that were previously (and repeatedly) rejected in the above actions. *See* Compl. at ¶ 7; *see also* Berg Decl. at Ex. 5 (Federal Complaint and Docket). *Id.* M&T, through its counsel, PIB, filed a motion dismiss the Federal Action with prejudice, which remains pending. *See* Berg. Cert. at Ex. 5.

### B. The Instant Frivolous Complaint

According to Plaintiffs, on or around January 19, 2020, Plaintiffs' son discovered that a pipe had burst pipe in the basement of M&T's Property. *See* Compl. at ¶¶ 8-10. Because PIB represents M&T in the Federal Action, Plaintiffs' counsel informed PIB of the burst pipe, and requested contact information for M&T's insurance provider. *Id.* at ¶ 15. PIB provided this information on January 23, 2020. *Id.* at 23; *see also* id. at Ex. C.

In the interim, Plaintiffs initiated a claim under their own insurance policy. Id. at ¶ 22. Upon speaking with M&T's insurer, however, Plaintiffs were allegedly told that: (1) M&T's Property was insured as a "vacant property" and (2) Plaintiffs were not permitted to make a claim because they "have no insurable interest in the property". *See* Compl. at ¶¶ 25, 34.

As a result, Plaintiffs filed the subject Complaint, asserting claims against Moving Defendants for: (1) Common Law/Insurance Fraud (Count I) for alleged misrepresentations

made to M&T's insurer regarding the condition of M&T's Property; (2) Violation of the Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.A. C.S. § 201-1, *et seq.* (Count III) for not permitting Plaintiffs to make a claim under M&T's insurance policy; and (3) Negligence (Count V) and (4) Respondeat Superior (Count VI) for failure to "properly insure" M&T's Property. *See* Compl. at Counts I-VI.

Because these claims are patently "frivolous, unsupported, and unreasonable", Moving Defendants sent Plaintiffs a Rule 11 Demand Letter on February 20, 2020, setting forth the reasons why Plaintiffs' claims fail as a matter of law and fact, requesting that the Complaint be withdrawn, and advising Plaintiffs that Moving Defendants would seek sanctions and fees if the Complaint was not. *See* Berg Cert. at Ex. 6 (Rule 11 Letter).

As Plaintiffs did not withdraw the Complaint, Moving Defendants filed a Motion to Dismiss on February __, 2020 at D.I. __. More than twenty-one (21) days has passed since Moving Defendants sent their Rule 11 Letter and the Complaint has still not yet been withdrawn.

As a result, for the reasons set forth more fully in the Motion to Dismiss, the Complaint is plainly frivolous, Plaintiffs and their counsel should be appropriately sanctioned, and an award of attorney's fees and costs should be awarded to Moving Defendants.

## LEGAL ARGUMENT

### A. Legal Standard

Rule 11 provides for sanctions in the event of frivolous and/or meritless litigation. The Rule provides that by signing "a pleading, motion, or other paper" filed with the Court, the signatory certifies, after a reasonable inquiry, that: (1) "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay ..."; (2) "the claims, defenses, and other legal contentions are warranted by existing law"; and (3) "the factual contentions have evidentiary support." Fed. R. Civ. Pro. 11.

Under the Rule, "[a] signature certifies to the court that the signer has read the document, has conducted a ***reasonable inquiry into the facts and the law*** and is satisfied that the document is well grounded in both, and is acting without any improper motive." *Business Guides, Inc. v. Chromatic Communications Enter., Inc.,* 498 U.S. 533, 543 (1991) (emphasis added). Simply put, Rule 11 sanctions are "intended to discourage the filing of frivolous, unsupported, or unreasonable claims." *Lieb v. Topstone Indus. Inc.,* 788 F.2d 151, 157 (3d Cir. 1986).

When evaluating a Rule 11 claim, the standard is whether the attorney's conduct was "***objectively reasonable*** under the circumstances" which requires that "counsel 'must conduct a reasonable investigation of the facts and a ***normally competent level of legal research*** to support the presentation.'" *Simmerman v. Corino,* 27 F.3d 58, 62 (3d Cir. 1994) (emphasis added) (citing *Mary Ann Pensiero v. Lingle,* 847 F.2d 90, 94 (3d Cir. 1988)). "When a district court examines the sufficiency of the investigation of facts and law, it 'is expected to avoid using the wisdom of hindsight and should test the signer's conduct by [asking] ***what was reasonable to believe*** at the time the pleading, motion, or other paper was submitted.'" *Terminix Int'l Co., L.P. v. Kay,* 150 F.R.D. 532, 537 (E.D. Pa. 1993) (quoting *CTC Imports & Exports v. Nigerian Petroleum Corp.* 951 F.2d 573, 578 (3d Cir. 1991)).

Applying this standard, it is clear that sanctions are appropriate as "a normally competent level of legal research" shows that Plaintiffs' claims are wholly without merit.

### B. Sanctions Should Be Imposed on Plaintiffs and Their Counsel Because the Claims Asserted Against Moving Defendants Are Plainly Frivolous

For the reasons set forth below, and more fully in Moving Defendants Motion to Dismiss, *see* D.I. __., it is clear that Plaintiffs and their attorney did not conduct a "reasonable investigation" to ensure that the Complaint was factually and legally well-grounded.

To the contrary, a "competent level of legal research" shows that Plaintiffs lack standing entirely to bring their Fraud and UTPCPL claims. It further reveals that Plaintiffs' Negligence and derivative Respondeat Superior claim is based on the wholly unreasonable and unsupported contention that M&T and *M&T's attorneys* somehow owe a legal duty to Plaintiffs to insure M&T's Property. Yet, despite receiving a Rule 11 Letter outlining these legal and factual deficiencies, Plaintiffs continue to advance their frivolous claims.

As a result, this Court should impose sanctions on Plaintiff and their attorney, and issue an order granting M&T an award of attorneys' fees.

### 1. Count I Is Frivolous Because Plaintiffs Lack Standing to Bring Their "Common Law Fraud/Insurance Fraud Claim"

Plaintiffs' "Common Law Fraud/Insurance Fraud" claim arises out of allegations that Moving Defendants "backdate[ed] a policy" and "report[ed] that the property was vacate" to Assurant, when it was not. *See* Compl. at Count I (10). Plaintiffs, however, clearly lack standing to assert this claim as they are not the insurer.

Here, Plaintiffs purport to bring their Insurance Fraud claim under "Title 18 § 4117 of the PA Criminal Code". *See* Compl. at ¶ 3. As this statute makes plain, however, only "an ***insurer*** damaged as a result of a violation of this section may sue…." *See* 18 Pa.C.S. § 4117 (g). It is beyond dispute that Assurant, and not Plaintiffs, is the "insurer" and, as a result, Plaintiffs cannot, as a matter of law, bring an insurance fraud claim against Moving Defendants. *Id.*

Similarly, Plaintiffs' derivative common law fraud claim fails as it is, again, based on alleged misrepresentations made *to Assurant*, and not Plaintiffs. *See* e.g., *Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.*, 331 F.3d 406, 411 (3d Cir. 2003) (fraud requires "material misrepresentations ***to the plaintiff***…"); *Fernander v. Amanze*, No. 02-603, 2007 U.S. Dist. LEXIS 84899, at *9 (E.D. Pa. Nov. 15, 2007) ("The elements of common law

6

fraud are: (a) that the defendant made a misrepresentation *to the plaintiff*; (b) that the misrepresentation made by defendant was fraudulent; (c) that the misrepresentation was of a material fact; (d) that the defendant intended that *the plaintiff* rely on the defendant's misrepresentation; (e) that *the plaintiff* relied on the misrepresentation and (f) that *the plaintiff's* reliance on the defendant's misrepresentation was a substantial factor in bringing about the harm suffered by the plaintiff.") (emphasis added) (citing Restatement (Second) of Torts §§ 525 *et seq*.)). As a result, Plaintiffs have not (and cannot) state a claim for common law fraud.

Accordingly, "a normally competent level of legal research" shows that Plaintiffs' Common Law Fraud/Insurance Fraud claim is entirely meritless and, as such, it was not "reasonable" for Plaintiffs and their counsel to advance such a frivolous claim.

### 2. Count III Is Frivolous Because Plaintiffs Lack Standing to Bring Their UTPCPL Claim As They Are Not A "Purchaser" Under The Act

Plaintiffs next assert that Moving Defendants violated the UTPCPL by "claiming the property was vacant" and refusing to "permit" Plaintiffs' to submit a claim under the policy. *See Compl.* at ¶¶ 13-14. Even if true, however, Plaintiffs' UTPCPL claim fails as Plaintiffs did not purchase the policy at issue and therefore have no private right of action under the UTPCPL.

"Courts have consistently held that the UTPCPL's private right of action is expressly limited to persons who purchase or lease goods or services." *Baldston v. Medtronic Sofamor Danek, Inc.*, 152 F. Supp. 2d 772, 778 (E.D. Pa. 2001) (collecting cases); *see also Gemini Physical Therapy & Rehab. v. State Farm Mut. Auto. Ins. Co.*, 40 F.3d 63, 65 (3d Cir. 1994) ("The [UTP]CPL contemplates as the protected class only those who purchase goods or services, not those who may receive a benefit from the purchase."). In fact, this requirement is apparent from the statute itself. *See* 73 P.S. § 201-9.2 (providing a private right of action for "any person *who purchases* or leases goods or services…") (emphasis added). And, if that was not enough,

7

the Third Circuit has actually addressed this *very* scenario—where the plaintiff's UPTPCL claim arises out of an insurance policy that the plaintiffs did not purchase—and unambiguously ruled that a non-purchaser plaintiff lacks standing. *See Katz v. Aetna Cas. & Sur.* Co., 972 F.2d 53, 55 (3d Cir. 1992) (affirming the district court's holding that "because the Katzes did not purchase the Aetna policy, they lacked standing to bring suit under the [UTP]CPL.").

Here, like in *Katz*, Plaintiffs admit that insurance policy at issue was purchased by M&T and not Plaintiffs. *See* Compl. at ¶ 25. As such, Plaintiffs clearly have no private right of action under the UPTPCL to bring this claim.[1] As this would have been clear had Plaintiffs' counsel undertaken even a cursory review of the relevant law prior to filing the Complaint (or after receiving the Rule 11 Letter), it is apparent that counsel either: (1) failed his Rule 11 duty or (2) filed the UTPCPL knowing it lacked legal foundation.

Either way, Plaintiffs' claim is frivolous and sanctions are warranted. *See e.g., Cameron's Hardware, Inc. v. Indep. Blue Cross*, No. 08-15, 2008 U.S. Dist. LEXIS 58104, at *21 (E.D. Pa. July 28, 2008) ("I find Plaintiffs fully understood their lack of standing, but persisted in bringing this action. Rule 11 sanctions must therefore be imposed against Plaintiffs as well as their attorney to deter repetition of this conduct.").

### 3. Counts V and VI Are Frivolous Because There Is No Reasonable Basis to Believe that M&T or M&T's Attorneys Owed Plaintiffs a Duty to Insure M&T's Property

Finally, Plaintiffs' negligence (and derivative Respondeat Superior) claim are clearly frivolous because negligence requires, at a minimum, the existence of a "duty or obligation recognized by the law", which clearly does not exist here. *See* Compl. at Count V, ¶ 2.

---

[1] Further, the UTPCPL does not apply to allegations relating to the "handling of insurance claims" as Plaintiffs allege, only to its sale. *See, e.g., Neustein v. Gov't Emples. Ins. Co.*, 2018 U.S. Dist. LEXIS 203439, at *4 (W.D. Pa. Nov. 29, 2018).

8

While Plaintiffs baldly allege that Moving Defendants had a duty to "properly insure" M&T's Property, *see* Compl. at ¶¶ 4-5, Plaintiffs do not even attempt to identify a legal basis for any such duty to Plaintiffs – nor could they, as Plaintiffs admit that M&T has owned the property since 2018. *See* Compl. at ¶ 6. It simply does not stand to reason then that M&T would owe *Plaintiffs* a duty to "properly insure" M&T's *own* property. Extending this alleged duty out to PIB is not only unreasonable—but is patently absurd. Clearly PIB – a law firm hired by M&T to defend a separate lawsuit filed by Plaintiffs – has no legal obligation to Plaintiffs to insure M&T's Property. Any suggestion to the contrary is unreasonable.

In sum, much like their prior claims, there simply is no basis – either in law or fact – for Plaintiffs' negligence and Respondeat Superior claim. As such, Plaintiffs' meritless attacks violate Rule 11's prohibition on frivolous filings and this Court should impose sanctions.

Sanctions are especially warranted here given Plaintiffs' counsel history of filing frivolous and unsupported complaints—so much so that two separate Judges in the District of New Jersey have, *inter alia*, imposed monetary sanctions on him, ordered him to complete a Continuing Legal Education seminar on the standard for attorney conduct under Rule 11 (which he has not done), "issued a formal judicial reprimand" of him, and/or enjoined him from filing "foreclosure-related actions" without court permission. *See* Berg Decl. Ex. 7, September 13, 2019, October 30, 2019, and February 18, 2020 Orders. Yet, despite these prior admonishments, Plaintiffs' counsel continues to willfully disregard his obligations under the Federal Rules.

## CONCLUSION

For all of these reasons, Moving Defendants respectfully request that the Court grant an Order: (i) awarding sanctions against Plaintiffs and their attorney, Joshua L. Thomas, Esq. pursuant to Rule 11(c)(2) of the Federal Rules of Civil Procedure; (ii) directing Plaintiff and/or

Plaintiff's attorney, Joshua L. Thomas, Esq., to pay Moving Defendants' attorneys' fees and costs incurred in defense of this frivolous claim and in prosecuting the instant Motion; and (iii) granting any such other and further relief that this Court deems just and proper.

                                            Respectfully submitted,

                                            **PARKER IBRAHIM & BERG LLP**

                                            James P. Berg, Esq.
                                            Fred W. Hoensch, Esq.
                                            Marissa Edwards, Esq.
                                            1635 Market Street, 11th Floor
                                            Philadelphia, PA 19103
                                            Telephone: (267) 908-9800
                                            Facsimile: (267) 908-9888

                                            *Counsel for Defendants,*
                                            M&T Bank successor by merger to Hudson City Savings Bank s/h/a "Hudson City Savings Bank" and Parker Ibrahim & Berg LLP s/h/a "Parker Ibrahim & Berg"