**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HOWARD C. LAPENSOHN<br>AND<br>JILL ABRAMS LAPENSOHN<br><br>Plaintiffs<br><br>v.<br><br>HUDSON CITY SAVINGS BANK, et al.<br>Defendant. | CIVIL ACTION NO.: 2:20-CV-00680-JMG<br>*Civil Action* |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION OF MOTIONS TO DISMISS AND**

**MOTION FOR SANCTIONS**

### I.     MOTION TO DISMISS STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the court must first separate the factual and legal elements of a claim, accepting the well-pleaded facts as true and disregarding legal conclusions. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). Then, the court determines whether the facts alleged, if proven, show that the plaintiff has a plausible claim for relief. *Id.* All well-pleaded allegations of the complaint must be accepted as true and interpreted in the light most favorable to the plaintiff, and all inferences must be drawn in the plaintiff's favor. *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009). None of the claims in the Complaint should not be dismissed.

### II.     DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED.

First, the other proceedings are not related to this matter's claims, but are important to understand how defendants are intentionally attempting to mislead the court, as will be discussed

later. They involved a mortgage, this involved damages caused by a complete unrelated flood, and defendants' intentional attempts to stop any and all reimbursement for those damages. All references to other proceedings are not relevant to this matter, again besides the fact that they show Defendants were aware of them, yet chose to ignore them at strategic times.  It is telling though that almost half of this motion is including the prior hearings, and attempting to sway the court that these unrelated claims from the prior hearings should some how have any sway on these current, completely unrelated ones.

Contrary to Defendant's attempts to persuade the court, we are not suing under Title 18 § 4117 of the PA Criminal Code, but rather included it for a definition, to show exactly that type of fraud committed. Under Pennsylvania law the following elements must be pled and proven in an action to establish a claim for common law fraud: (1) a misrepresentation, (2) a fraudulent utterance thereof, (3) an intention by the maker that the recipient will thereby be induced to act, (4) justifiable reliance by the recipient upon the misrepresentation, and (5) damages to the recipient as the proximate result. *Scaife Co. v. Rockwell-Standard Corp.*, 446 Pa. 280, 285 A.2d 451 (1971), cert. denied, 407 U.S. 920 (1972); Sevin v. Kelshaw, 417 Pa. Super. 1, 611.A.2d 1232 (1992); Bash v. Bell Telephone Co. of Pennsylvania, 411 Pa. Super. 347, 601 A.2d 825 (1992).

As to the Common Law/Insurance Fraud claims, the facts are very simple, Defendants **admitted** that they knew the property was not vacant, yet only got insurance for a vacant property any way: "Here, Plaintiffs allege that Moving Defendants committed fraud by telling Assurant "that the property was vacant" when it was not and by allegedly "backdat[ing]" its Assurant insurance policy. *See* Compl. at Count I (10). These misrepresentations, however, were allegedly made to Assurant, and not Plaintiffs." At this point, Defendants could have denied the claims, saying they weren't accurate, that we had someone misspoken, or presented some proof these were

not true. This would have shut the claim down immediately. They did not. In fact, this is not a defense, but rather an admission they committed the misrepresentation, but to another party.

As to the argument it "doesn't matter" because they made these misrepresentations to another party, we previously had addressed that exact argument. It is unnecessary that the person defrauded be the one who was specifically intended by the maker of the misrepresentation to rely thereon, so long as that person's reliance was reasonably foreseeable. Woodward v. Dietrich, 378 Pa. Super. 111, 548 A.2d 301 (1988). The reckless assertion of a fact in conscious ignorance of its truth or falsity amounts to actionable fraud. Rodgers v. Prudential Insurance Co. of America, 803 F. Supp. 1025 (M.D. Pa. 1992), aff'd 998 F.2d 1004 (3d Cir. 1993); In re Berringer, 125 B.R. 444 (W.D. Pa. 1991); Cashdollar v. Mercy Hospital of Pittsburgh, 406 Pa. Super. ,606, 595 A.2d  70 (1991); Adams v. Euliano, 299 Pa. Super. 348, 445 A.2d 788 (1982). Fraudulent concealment is simply a type of fraudulent misrepresentation, the concealment substituting for false words. Mancini v. Morrow, 312 Pa. Super. 192, 458 A.2d 580 (1983) ("active concealment of defects known to be material to a purchaser is legally equivalent to affirmative misrepresentation")  The breach of a confidential or fiduciary relationship constitutes "constructive" or "implied" or "legal" fraud. Matter of Estate of Evasew, 526 Pa. 98, 584 A.2d 910 (1990).  Because intent is not an element of constructive fraud, a party whose actions constitute constructive fraud might still have acted in good faith. Lichtenstein v. Kidder, Peabody & Co., 777 F. Supp. 423 (W.D. Pa. 1991). Thus, pleading the existence of the fiduciary or confidential relationship substitutes for pleading fraudulent intent.

This ultimately caused that party to improperly cover the property, and further, to stymie any effort to try and get the repairs performed in a timely manner. As such, there is really no question Defendant attorneys committed these specific actions by backdating a policy and

reporting that the property was vacant, knowing that it was not, and this can constitute the aforementioned requirements of fraud.

Similarly the UTPCPL defense fails, as Defendants are merely trying to misrepresent the case. Curiously, they spent almost half their brief regarding how there was a foreclosure, yet for this defense, neglect to remember that Plaintiffs in  this case purchased the house and the mortgage and note **required** Defendant in this case to have insurance. While it is admitted the current position makes this murky, Defendants have already admitted that they 1) misrepresented the status of the home to presumably get cheaper insurance and 2) were required to have insurance even before the foreclosure sale, as part of the mortgage agreement the parties had already entered into. Further, the "ascertainable loss" is very clear – the massive damages and Plaintiff's intentional misrepresentation that stopped quick reimbursement for those damages. Further, the action take was to immediately contact M&T to report the damage, relied on the fact they had proper insurance coverage, and were further damaged by the substantial wait time caused by their misrepresentation.

As for negligence, their argument similarly fails. The duty was to have proper homeowners insurance, which they failed to do. The breach has already been made clear, along with the causal connection and damages. As such, there is no question that the negligence, or potentially even intentional acts at misrepresentation, cause substantial property damage. As such, the motion to dismiss should be denied to this claim. The mortgage agreement that had been entered into clearly stated such insurance was required, and Defendants failed to abide by that.

As for the Respondeat Superior claim Defendants make no effort whatsoever to dismiss that claim, merely including it as part of a catchall with negligence. The established doctrine of respondeat superior provides that an employer is obligated to persons harmed by employees acting

in the course of their employment. Pennsylvania follows the general rule that "a master is liable for the torts of his servant if the servant's tortious conduct was within the scope of his employment." Johnson v. Glenn Sand and Gravel, 453 A.2d 1048 (Pa. Super. 1982); Chuy v. Philadelphia Eagles Football Club, 595 F.2d 1265 (3rd Cir. 1979); Mauk v. Wright, 367 F. Supp. 961 (M.D.Pa., 1973); Smalich v. Westfall, 269 A.2d 476 (Pa. 1970); Ferrell v. Martin, 419 A.2d 152 (Pa. Super. 1980). The determination of the precise nature of the relationship and the scope of employment is generally within the exclusive province of the jury. Norton v. Railway Express Agency, Inc., 412 F.2d 112 (3d Cir. 1969); Mauk v. Wright, 367 F. Supp. 961 (M.D.Pa. 1973); Anzenberger v. Nickols, 198 A.2d 309 (Pa. 1964); Schneider v. Albert Einstein Medical Center, 390 A.2d 1271 (Pa. Super. 1978).

This claim alleges that defendant attorney's actions should be held against M&T since they have now admitted they made the negligent misrepresentations. There is no excuse at this point, by the Defendant attorneys as to why they should not be held liable, but now this claim is to ensure that their employers, M&T, is held similarly liable for these actions. As such, both parties should be held liable for those actions.

III.     DEFENDANTS' MOTION FOR SANCTIONS SHOULD BE DENIED

Defendants' motions utterly lacks merit and was filed for an improper purpose, and its denial should be compounded by a corresponding levy of sanctions and costs against Defendants. This misuse of Rule 11 is in and of itself sanctionable. Indeed, the Advisory Committee notes point out that Rule 11 should not be used "to emphasize the merits of a party's position, to exact an unjust settlement, [or] to intimidate an adversary into withdrawing contentions that are fairly debatable." *See Laborers Local 938 Joint Health & Welfare Trust Fund v. B.R. Starnes Co. of*

*Florida*, 827 F.2d 1454, 1458 (11th Cir. 1987) (affirming the denial of sanctions where the issues were fairly debatable and not easily resolved, and there was no clear binding precedent).

The standard under Rule 11 is "stringent" because sanctions "1) are in derogation of the general American policy of encouraging resort to the courts for peaceful resolution of disputes, 2) tend to spawn satellite litigation counter-productive to efficient disposition of cases, and 3) increase tensions among the litigating bar and between [the] bench and [the] bar." *Doering v. Union Cty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988). While the focus of Rule 11 is on whether a claim is wholly without merit, and is not dictated by whether resources will be expended in deciding the motion, Rule 11 motions should conserve rather than misuse judicial resources. *See Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 99 (3d Cir. 1988) ("Rather than misusing scarce resources, [the] timely filing and disposition of Rule 11 motions should conserve judicial energies.").

Defendants' motions fail not only for its lack of merit, but it also violates the ethical underpinnings of Rule 11. Rule 11 imposes a duty on the party seeking sanctions to be circumspect in pursuing such a drastic remedy and to not to use the device for an improper purpose lest it may discourage expansion of the law through creative legal theories. *See Ario v. Underwriting Members of Syndicate 53 at Lloyds*, 618 F.3d 277, 297 (3d Cir. 2010) (Rule 11 "should not be applied to adventuresome, though responsible, lawyering which advocates creative legal theories.")(citations omitted). Sanctions are a drastic remedy reserved for only the most extraordinary circumstances. *See, Park v. Seoul Broad. Sys. Co*., 2008 U.S. Dist. LEXIS 17277, at *1 (S.D.N.Y. Mar. 6, 2008). Whether a claim can survive on the merits is wholly distinct from whether that claim is frivolous. *See Abdelhamid v. Altria Group, Inc*., 515 F. Supp. 2d 384, 392 (S.D.N.Y. 2007)("'When divining

the point at which an argument turns from merely losing to losing and sanctionable' courts must 'resolve all doubts in favor of the signer of the pleading.'")

Besides an obvious attack on Plaintiff's attorney, their arguments mirror those Defendants have already used in the prior motion and all of those arguments have been addressed above. Defendants merely used both the threat and the filing of the motion, not as a means to filter a frivolous claim but as a bullying tactic intended to intimidate Plaintiffs into withdrawing legitimate claims. They merely repeat their arguments, misstatements and misrepresentations as they are, and make gross misrepresentations in regards to the relevant case law, the claims themselves, and even try to bring up facts at the outset, only to ignore them later on in their own defense, regarding the history of the case. These motions are merely an attempt by a firm, that, because they have so far been successful in the prior pleadings with these Plaintiffs, merely make the barest of defenses and assume that will be enough to get them through the case, as has been done in the past. Both motions should be denied.

_____/s/ Joshua Thomas_____
Joshua L. Thomas and Associates
Joshua Thomas Esq.
Supreme Court ID No. 312476
225 Wilmington-West Chester Pike
Suite 200
Chadds Ford, PA 19317
Phone: (215) 806-1733
Email: JoshuaLThomas@gmail.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HOWARD C. LAPENSOHN<br>AND<br>JILL ABRAMS LAPENSOHN | CIVIL ACTION NO.: 2:20-CV-00680-JMG<br>*Civil Action* |
| Plaintiffs | |
| v. | |
| HUDSON CITY SAVINGS BANK, et al.<br>Defendant. | |

**ORDER**

It is hereby ordered by the court, that the motions to dismiss and for sanctions are DENIED.

_____

J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HOWARD C. LAPENSOHN<br>AND<br>JILL ABRAMS LAPENSOHN<br><br>     Plaintiffs<br><br>     v.<br><br>HUDSON CITY SAVINGS BANK, et al.<br>        Defendant. | CIVIL ACTION NO.: 2:20-CV-00680-JMG<br>*Civil Action* |

**CERTIFICATE OF SERVICE**

     I, Joshua Thomas, Esq., hereby certify that I caused a true and correct copy of the foregoing (i) Opposition (ii) Proposed Order, and (iii) this Certificate of Service to be served upon all interested parties via first-class mail, postage prepaid, and/or via the Court's CM/ECF system.

                             /s/ Joshua Thomas, Esq.
                             Joshua Thomas, Esq.
                             *Attorneys for Plaintiffs*